UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                   Criminal Action No. 11-cr-20352
                                       HON. BERNARD A. FRIEDMAN

vs.

ALFRED ASH,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE

Before the Court is defendant Alfred Ash's motion to reduce his sentence. (ECF No. 44). The government responded in opposition to the motion. (ECF No. 48). Ash filed a reply. (ECF Nos. 53, 54). The Court shall decide the motion without oral argument pursuant to E.D. Mich. LR 7.1(f)(1). For the following reasons, the Court will deny the motion.

Ash is currently serving a 165-month sentence for one count of bank robbery. (ECF No. 19, PageID.79). He is incarcerated with the Bureau of Prisons at FCI Milan. (ECF No. 44, PageID.246). Ash now seeks a reduction in his sentence pursuant to 18 U.S.C. § 3852(c)(1)(A), citing his age (54) and several health-related

conditions that may increase his risk of severe complications from COVID-19.[1] (ECF No. 44, PageID.232-34).

District courts may modify a defendant's sentence only where a statute vests them with such authority. *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009); *see also United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001) ("The authority of a district court to resentence a defendant is limited by statute" and is "expressly prohibit[ed] . . . beyond those exceptions expressly enacted by Congress."). 18 U.S.C. § 3582(c)(1)(A) is one of those statutes. It provides, in relevant part, that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction . . .

18 U.S.C. § 3582(c)(1)(A)(i).

---

[1] Ash contracted COVID-19 in June 2020 and recovered. (ECF No. 44, PageID.238).

The Sixth Circuit has clarified "how district courts, following the enactment of the First Step Act, should analyze defendant-filed motions seeking release [or a sentence reduction] under § 3582(c)(1)(A)." *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

> In resolving those motions, district courts now face two questions: (1) whether extraordinary and compelling circumstances merit a sentence reduction; and (2) whether the applicable § 3553(a) factors warrant such a reduction. A third consideration, the § 1B1.13 policy statement, is no longer a requirement courts must address in ruling on defendant-filed motions.

*Id.* (citations omitted).

Placing aside whether Ash properly exhausted his avenues for administrative review, the Court declines to reduce the imposed sentence. According to the Centers for Disease Control and Prevention, Ash's underlying health conditions – asthma, immunosuppression, pre-diabetes, and obesity – may increase his risk of severe illness from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html (last visited Mar. 24, 2022). But BOP has made COVID-19 vaccinations widely available to federal inmates. https://www.bop.gov/coronavirus (last visited Mar. 24, 2022). Approximately 75 percent of FCI Milan inmates are fully vaccinated. *Id.* There are currently two inmates and no staff members at the facility who are COVID-19 positive. *Id.* And Ash already received two doses of the Moderna vaccine. (ECF No. 49-2,

PageID.442).   Under these circumstances, Ash's risk of contracting COVID-19 again is significantly diminished and "does not present an extraordinary and compelling reason warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021); *see also United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021).

Assuming Ash's medical conditions meet the "extraordinary and compelling" threshold (which they do not), the Sixth Circuit has "repeatedly recognized that district courts may deny relief under the § 3553(a) factors" where "extraordinary and compelling reasons would otherwise justify relief." *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020) (cleaned up).   When making sentencing determinations, courts are required to consider "the nature and circumstances of the offense" as well as "the need for the sentence imposed . . . to promote respect for the law," "afford adequate deterrence to criminal conduct," and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (2)(A)-(C).   These factors weigh against reducing Ash's sentence.

To start with, a district court's "initial balancing of the § 3553(a) factors" during the defendant's sentencing "remains an accurate assessment as to whether those factors justify" a subsequent reduction. *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021).   The defendant must, therefore, "make a compelling case

as to why the sentencing court's § 3553(a) analysis would be different if conducted today." *Id.*  Ash fails to satisfy this burden.

Ash's criminal history spans over 30 years and includes violent offenses such as armed robbery, assault with intent to do great bodily harm, and assault with intent to rob while unarmed. (ECF No. 16, PageID.57-59; ECF No. 17, PageID.68).  Ash committed some of these crimes while on parole. (ECF No. 16, PageID.57-59; ECF No. 17, PageID.68).  The underlying offense in this case is no exception.  Ash robbed a bank in May 2011, while on parole, and on absconder status no less. (ECF No. 17, PageID.70; ECF No. 16, PageID.57-59).  The Court sentenced him to 165 months incarceration, to be served consecutively with his state court sentences, largely because of the danger Ash poses to the public. (ECF No. 19, PageID.80; ECF No. 43, PageID.225).  Given his criminal history and pattern of recidivism, reducing Ash's sentence would only undermine the important sentencing objectives section 3553(a) aims to achieve.  Accordingly,

IT IS ORDERED that Ash's motion to reduce his sentence (ECF No. 44) is denied.

Dated: March 25, 2022       s/Bernard A. Friedman  
     Detroit, Michigan      Bernard A. Friedman  
     Senior United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on March 25, 2022.

| | |
|---|---|
| ALFRED LEE ASH #45838-039 | s/Johnetta M. Curry-Williams |
| MILAN FEDERAL CORRECTIONAL | Case Manager |
| INSTITUTION | |
| Inmate Mail/Parcels | |
| P.O. BOX 1000 | |
| MILAN, MI 48160 | |

6